

**FILED**

Apr 07 2017, 7:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas G. Krochta
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:

Ce.B. and Co.B. (Minor Children)

and

C.K. (Custodian),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

April 7, 2017

Court of Appeals Case No.
82A01-1610-JC-2442

Appeal from the Vanderburgh Superior Court

The Honorable Brett J. Niemeier, Judge

Trial Court Cause No.
82D04-1607-JC-1191
82D04-1607-JC-1192

**Vaidik, Chief Judge.**

# Case Summary

A custodian of two siblings appeals, claiming that the juvenile court erred in determining that the siblings were children in need of services (CHINS) without first holding a factfinding hearing. We find, however, that the juvenile court did hold a factfinding hearing in this case. At that hearing, the custodian, represented by counsel, chose to stipulate that the facts contained in the CHINS petitions and reports of preliminary inquiry were true. The juvenile court then reviewed those materials and, based on the stipulated facts contained in them, made a legal determination that the children were CHINS. Furthermore, the custodian does not make any argument that his stipulation should be withdrawn for cause. We therefore affirm the juvenile court.

# Facts and Procedural History

On July 5, 2016, DCS filed petitions alleging that Co.B., born October 9, 2010, and Ce.B., born April 17, 2015, were CHINS pursuant to Indiana Code section 31-34-1-1. Appellant's App. Vol. II pp. 18-19, 29-30. The petitions alleged that the children lived with their mother, N.B. ("Mother"), and their Mother's boyfriend, C.K. ("Custodian"), and that the children's father was in prison.[1] The petitions further alleged that Mother and Custodian engaged in domestic violence in front of Co.B., that Custodian was recently arrested for a domestic-

---

[1] A separate order was entered regarding the children's father. Neither Mother nor the children's father is part of this appeal.

violence incident involving Mother (and had charges pending against him for that incident), that Custodian used cocaine and marijuana, and that Mother used marijuana. An initial hearing was held that same day, and Mother and Custodian were each appointed counsel.

Mother and Custodian appeared in court with their attorneys on July 27. The following colloquy occurred between the judge, Mother, Custodian, and the attorneys:

> [Judge]: [H]ow does your client [want to] proceed?
>
> [Mother's attorney]: Your Honor, my client's prepared to stipulate to the petition and affidavit.[2]
>
> [Custodian's attorney]: As would my client, Your Honor.
>
> [Judge]: And you all understand by stipulating we're not having a trial? I just refresh my memory by reading this and deciding the case only on this. You understand that?
>
> [Mother]: Yes, sir.

---

[2] The probable-cause sections of the reports of preliminary inquiry contained additional facts about Mother and Custodian's relationship as well as their drug use. *See* Appellant's App. Vol. II pp. 20-22, 31-33. For example, those sections alleged that Mother was homeless but stayed with Custodian, who often beat her up and threw her out of his house. On one occasion, when Mother's father came to Custodian's house to get Mother and the children, Custodian ran out of the house with a sword. In addition, Co.B. told a Family Case Manager that Mother and Custodian smoked "white and brown blunts" around him. *Id.* at 21, 32. Contrary to Custodian's implication in his brief, these allegations are sufficient to demonstrate that the children suffered harm or required services.

[Custodian]: Yes, sir.

[Judge]: State, you also willing to do that?

[DCS's attorney]: Yes, Your Honor.

[Judge]: Let me check a couple minutes here. Alright, Court will find, based upon the evidence before it, that the children are in need of services and set the matter for dispositional hearing.

Tr. p. 5. The judge ordered Mother and Custodian not to use illegal drugs or alcohol and to undergo random drug screens and set a dispositional hearing for August 24.

[3] Mother and Custodian appeared before a judge pro tem on August 24. Mother's attorney told the judge pro tem that although Mother had stipulated in July, she had "reconsidered" and would now like to "withdraw her stipulation." *Id.* at 9. Custodian's attorney said that Custodian would also like to withdraw his stipulation. The judge pro tem put the matter on the judge's calendar for September 7.

[4] Mother appeared in court on September 7, but Custodian did not. The judge asked Mother's attorney why Mother was seeking to withdraw her stipulation, and Mother's attorney explained as follows:

> Your Honor, I think since the stipulation there have been some issues with regard to the services that the Department is requesting. The[y] don't feel that the actions that were alleged in the petition would give rise to a CHINS. And then the

> combination with that along with the services that are being requested have led them to revisit the question of whether the stipulation would be the appropriate thing to do. I don't believe that disposition has been held yet. . . .

*Id.* at 14. Custodian's attorney argued that although Custodian was not present in court, he "would adopt Mother's argument." *Id.* at 15. DCS's attorney objected, noting that Mother and Custodian were represented by counsel when they entered their stipulations. The judge took the matter under advisement and set a review hearing for September 21.

[5] Mother and Custodian appeared in court on September 21. The judge denied their requests to withdraw their stipulations and set a dispositional hearing for October 5.

[6] At the dispositional hearing, Custodian declared that he "want[ed] a trial." *Id.* at 25. The same judge pro tem from before reminded Custodian that the judge had already denied his request to withdraw his stipulation. Unsatisfied, Custodian responded, "So it's not my right to have a trial? Is that what you're saying?" The judge pro tem then clarified that Custodian "had a right to a trial **before** [he] stipulated to the facts in the petition" and advised him that he could appeal that order if he wanted. *Id.* at 27 (emphasis added).

[7] Custodian now appeals.[3]

# Discussion and Decision

[8] Custodian contends that the juvenile court erred in finding that the children were CHINS without first holding a factfinding hearing. *See* Ind. Code § 31-34-11-1 ("[U]nless the allegations of a petition have been admitted, the juvenile court shall complete a factfinding hearing not more than sixty (60) days after a [CHINS petition] is filed . . . .").[4] However, the juvenile court **did** hold a factfinding hearing in this case on July 27. At that hearing, Custodian, represented by counsel, chose to stipulate that the facts contained in the CHINS petitions and reports of preliminary inquiry were true. *See* Tr. p. 5. The juvenile court then reviewed those materials and, based on the stipulated facts contained in them, made a legal determination that the children were CHINS. Based on this sequence of events, it appears that Custodian's argument is actually that the juvenile court erred in denying his request to withdraw his stipulation. But as Custodian acknowledges on appeal, *see* Appellant's Br. p. 15, stipulations generally may only be withdrawn for cause:

> As a general rule, stipulations may not be withdrawn without the consent of both parties, or for cause. Typically, the grounds for setting aside a stipulation include fraud, mistake, undue

---

[3] Following the dispositional hearing, the juvenile court entered a dispositional order for both Mother and Custodian. Appellant's App. Vol. II pp. 45, 50.

[4] Custodian does not argue that he admitted the allegations contained in the petitions. In fact, he asserts that he denied the allegations and is entitled to a factfinding hearing. Appellant's Br. p. 14.

influence, or grounds of a similar nature. It is not a ground for relief that the stipulation was disadvantageous to the party seeking relief.

*Harlan v. Harlan*, 544 N.E.2d 553, 556 (Ind. Ct. App. 1989) (citation omitted), *reh'g denied*, *aff'd,* 560 N.E.2d 1246 (Ind. 1990); *see also* 83 C.J.S. *Stipulations* § 100 (2010). Custodian, however, did not set forth any grounds for cause either below or on appeal. We therefore affirm the juvenile court.

[9] Affirmed.

Bailey, J., and Robb, J., concur.